UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DENNIS LOUGHRIDGE, et al., | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 4:18-cv-00848-SPM |
| UNKNOWN ATKINSON, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiffs Dennis Loughridge and Anna Potts for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial affidavit submitted in support, the Court has determined that plaintiff Loughridge lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $59.47. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order the Clerk of Court to strike plaintiff Potts from this case. Finally, the Court will dismiss plaintiff's claims against defendants Unknown Atkinson, Unknown Robbins, and the Dent County Sheriff's Office.

### Order to Strike

This action was filed jointly by two different prisoners. However, multiple prisoners cannot join together in a single lawsuit under Rule 20 of the Federal Rules of Civil Procedure. *See, e.g., Georgeoff v. Barnes*, 2:09-cv-14-ERW, 2009 WL 1405497 (E.D. Mo. 2009). There are several reasons for this outcome.

First, the Prison Litigation Reform Act ("PLRA") requires that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full

amount of a filing fee." 28 U.S.C. § 1915(b)(1). This provision would be circumvented if multiple plaintiffs were allowed to join in a single action, since multiple filing fees cannot be collected. *See Lilly v. Ozmint*, 2007 U.S. Dist. LEXIS 49153, at *4, 2007 WL 2021874, at *1 (D.S.C. July 6, 2007) (slip copy). Therefore, the requirement of § 1915(b)(1) that each prisoner pay the full amount of the filing fee requires individual prisoners to bring separate suits, rather than file jointly under Rule 20. *Hubbard v. Haley*, 262 F.3d 1194, 1195 (11th Cir. 2001) (concluding that "the intent of Congress in promulgating the PLRA was to deter frivolous civil actions brought by prisoners by requiring each individual prisoner to pay the full amount of the required fee").

Additionally, courts have noted that "the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20." *Hagwood v. Warden*, 2009 WL 427396, at *2 (D. N.J. Feb. 19, 2009) (slip copy).

> Among the difficulties noted...are the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated or that prisoners may seek to compel prison authorities to permit them to gather to discuss joint litigation. [Other] courts have also noted that jail populations are notably transitory, making joint litigation difficult. A final consideration for [one court] was the possibility that "coercion, subtle or not, frequently plays a role in relations between inmates."

*Id. See also Swenson v. MacDonald*, 2006 WL 240233, at *4 (D. Mont. Jan. 30, 2006) (slip copy) (stating that disallowing joinder effectuates the filing fee and three-strikes provisions of 28 U.S.C. § 1915, and also avoids all appearance of impropriety in terms of one pro se plaintiff acting for others).

Finally, joinder of prisoners' claims under Rule 20 would allow prisoners to avoid the risk of incurring strikes under § 1915(g) so long as one of those prisoners' claims is viable,

2

because § 1915(g) imposes a strike only if the entire action is dismissed. Prisoners may not circumvent the penalties associated with filing frivolous actions by joining claims under Rule 20.

For these reasons, the Court will not allow plaintiffs to proceed jointly in this action. It is clear from the filings that the complaint was authored by plaintiff Loughridge. The statement of claim is written from his perspective, and it is his signature that appears on the certification and closing. Moreover, it is plaintiff Loughridge who has signed the motion to proceed in forma pauperis, the motion for appointment of counsel, and has provided a certified inmate account statement. Plaintiff Potts is mentioned only briefly in the complaint, making it difficult to ascertain how much involvement, if any, she had in formulating this lawsuit. Accordingly, the Court will order the Clerk of Court to strike plaintiff Anna Potts from this case. The Court will review the complaint pursuant to § 1915 as to plaintiff Loughridge only.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

3

In support of his motion to proceed in forma pauperis, plaintiff submitted a certified inmate account statement. (Docket No. 5). The certified inmate account statement shows an average monthly deposit of $297.36. The Court will therefore assess an initial partial filing fee of $59.47, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but "does not accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper

4

legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is currently an inmate at the Missouri Eastern Correctional Center in Pacific, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. He names as defendants Officer Atkinson, Officer Robbins, and the Dent County Sheriff's Office. The defendants are sued in both their individual and official capacities.

Plaintiff states that he was arrested at his mother's home by approximately twenty law enforcement officers on April 4, 2018. (Docket No. 1 at 4). Following his arrest, he was transported to the Dent County Jail to await transport to the Department of Corrections. That night, plaintiff states he was placed into Cell #3 with approximately fifteen other inmates. The following morning, April 5, 2018, plaintiff was moved from Cell #3 to Cell #4. Plaintiff was told by jail staff that he was moved due to threats against him made by another inmate.

Plaintiff claims that the next thing he remembers is defendant Robbins dragging him out of Cell #4 by his feet. According to plaintiff, Officer Robbins is a deputy with the Dent County Sheriff's Office. (Docket No. 1 at 2). Plaintiff had apparently been injured in some manner, though he does not know how.

5

Plaintiff states that he was taken to Salem Memorial District Hospital for medical treatment due to injuries that he had suffered. (Docket No. 1 at 4). Treatment included x-rays and stitches. While in the hospital, plaintiff alleges that defendant Atkinson, another deputy with the Dent County Sheriff's Office, told him that his charges, along with the charges of his girlfriend, Anna Potts, would "disappear" if he claimed his injuries were caused by inmate Joshua Lee. Later that same day, plaintiff returned to the Dent County Jail. Plaintiff claims that Officer Atkinson showed him a "warrant" for Joshua Lee for assaulting him. He states that he did not "agree to Officer Atkinson's proposal."

On April 6, 2018, plaintiff was taken to the Fulton Reception & Diagnostic Center. He states that he returned to Dent County on May 16, 2018. At that point he claims: "Everyone told me that Officers Robbins and Atkinson assaulted me."

Plaintiff states that he received multiple facial lacerations, permanent scars to his face, and stitches. He also states that he suffers from constant back and neck pain.

Plaintiff is seeking $5,000,000 in damages for pain, suffering, and medical expenses. (Docket No. 1 at 5). He requests that Officers Robbins and Atkinson be fired, and that security cameras be placed in the Dent County Jail. Furthermore, he wants the "fabricated charges" against him and his girlfriend to be dismissed, and for his probation to be reinstated.

**Discussion**

Plaintiff's complaint contains claims of excessive force against defendants Unknown Atkinson, Unknown Robbins, and the Dent County Sheriff's Office. Having carefully reviewed and liberally construed plaintiff's complaint, and for the reasons discussed below, the Court will dismiss plaintiff's claims without prejudice.

### A. Defendant Dent County Sheriff's Office

Plaintiff's claims against defendant Dent County Sheriff's Office must be dismissed. The Dent County Sheriff's Office is a department or subdivision of Dent County, and not a juridical entity, suable as such. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). *See also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

Even if Dent County is substituted as a proper party defendant, plaintiff has still failed to state a claim for municipal liability.

A local governing body can be sued directly under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Municipal liability under § 1983 may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). Thus, there are three ways in which a plaintiff can prove municipal liability.

First, a plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible…for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs

7

no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390.

Alternatively, a plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, the plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, a plaintiff can show municipal liability by establishing a deliberately indifferent failure to train or supervise. To do so, the plaintiff must demonstrate a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff's complaint contains no mention of an unconstitutional municipal policy, custom, or failure to train or supervise. As such, he has failed to state a claim against Dent County. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's

8

rights). To the extent that plaintiff is attempting to assert liability against Dent County for employing defendants Atkinson and Robbins, such claim must also fail, because plaintiff cannot recover on the basis of respondeat superior under § 1983. *See A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality...cannot be liable on a respondeat superior theory"). Accordingly, even if Dent County is substituted as defendant for the Dent County Sherriff's Office, plaintiff's claims against Dent County must be dismissed.

## B. Official Capacity Claims

Plaintiff's official capacity claims against defendants Unknown Atkinson and Unknown Robbins must be dismissed. A suit brought against a state official in his or her official capacity pursuant to § 1983 is not a suit against the official, but rather a suit against the official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). In other words, the real party in interest in an official-capacity suit is not the named official, but the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). *See also Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"); and *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official...capacities sues only the public employer").

Defendants Atkinson and Robbins are employees of the Dent County Sheriff's Office. Therefore, plaintiff's official capacity claims against them are really claims against Dent County. As noted above, in order to state a claim against a municipality such as Dent County, plaintiff must allege the existence of an unconstitutional policy, custom, or failure to train. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing municipal "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an

9

extension of the same"). Plaintiff's statement of claim includes no references or factual allegations regarding any of these three options for pursuing municipal liability. Accordingly, plaintiff's official capacity claims against defendants Atkinson and Robbins must be dismissed.

## C. Defendants Atkinson and Robbins

Plaintiff's individual capacity claims against defendants Atkinson and Robbins for excessive force must be dismissed. Plaintiff states that he is a convicted and sentenced state prisoner. (Docket No. 1 at 2). Thus, plaintiff's excessive force claims will be analyzed under the Eighth Amendment. *See Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2475 (2015) (noting that excessive force claims brought by convicted prisoners fall under the Eighth Amendment's Cruel and Unusual Punishment Clause, while excessive force claims by pretrial detainees come under the Fourteenth Amendment's Due Process Clause).

The Eighth Amendment forbids the "unnecessary and wanton infliction of pain" constituting cruel and unusual punishment. *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992). *See also Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014) ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment"). When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017). *See also Ward v. Smith*, 844 F.3d 717, 721 (8th Cir. 2016) ("Because the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, i.e., they are using it maliciously and sadistically"). The factors to be considered in determining whether force was used in good faith include "the need for the application of force, the relationship between the need and the

amount of force that was used, and the extent of injury inflicted." *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

Plaintiff alleges that Officers Atkinson and Robbins assaulted him. In support of this, he claims that he remembers being dragged out of his cell by Officer Robbins before being taken to the hospital for stiches and x-rays. While he was at the hospital, Officer Atkinson told him that if plaintiff claimed his injuries were inflicted by an inmate named Joshua Lee, his charges and his girlfriend's charges would "disappear." Plaintiff also states that Officer Atkinson showed him a warrant for Joshua Lee. He further asserts that: "Everyone told me that Officers Robbins and Atkinson assaulted me."

Plaintiff's allegations are insufficient to state a claim of excessive force against Officer Atkinson and Officer Robbins. To begin, plaintiff acknowledges having no independent memory of any assault. Rather, he rests much of his claim on what he was told by unnamed others. Plaintiff does not indicate who told him he had been assaulted or how this person or persons came by the information in the first place. Moreover, the complaint does not indicate what is meant when plaintiff says he was "assaulted." This unattributed and unsupported assertion amounts to a legal conclusion that the Court is not required to accept as true. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("While the court must accept allegations of fact as true...the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations").

Plaintiff's other assertions similarly fail to demonstrate that Officers Atkinson and Robbins used excessive force against him. As noted above, plaintiff admits he has no actual memory of being assaulted. Instead, he recalls transferring cells due to a threat by another inmate, and does not remember anything else until he regained consciousness while being

11

dragged from his cell by Officer Robbins. He also alleges that Officer Atkinson attempted to get plaintiff to pin the assault on an inmate named Joshua Lee.

The inference plaintiff wants drawn is that Officers Atkinson and Robbins beat him in some manner, and then tried to get plaintiff to cooperate in shifting the blame. However, liability in a § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In order to establish liability, there must be "a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff's statement of claim never alleges the direct responsibility of Officers Atkinson and Robbins in any manner but a conclusory fashion. That is, he does not state what Officer Atkinson actually did to violate his constitutional rights. Nor does he state what Officer Robbins actually did to violate his constitutional rights. In order to make a claim of excessive force under the Eighth Amendment, plaintiff is required to allege that a correctional officer acted "maliciously and sadistically to cause harm." *See Jackson*, 866 F.3d at 974. Plaintiff fails to assert that against Officer Atkinson, and fails to assert that against Officer Robbins. Accordingly, plaintiff's claims against Officers Atkinson and Robbins must be dismissed.

### D. Plaintiff's Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). The Court will deny plaintiff's motion as moot, given the fact that plaintiff's claims are being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $59.47 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to **STRIKE** plaintiff Anna Potts from this action.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** without prejudice for failure to state a claim and/or because it is legally frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 24th day of October, 2018.

                                                                */s/ John A. Ross*
                                                                JOHN A. ROSS
                                                                UNITED STATES DISTRICT JUDGE